Filing # 196581435 E-Filed 04/19/2024 01:14:27 PM

IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA

NORMAN ALTMAN,         Case No.:

    Plaintiff,

vs.

METROPOLITAN LIFE INSURANCE COMPANY,

    Defendant.
_____/

### COMPLAINT FOR DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL

COMES NOW, NORMAN ALTMAN (hereinafter "Insured"), through his undersigned counsel, sues Defendant METROPOLITAN LIFE INSURANCE COMPANY (hereinafter "MetLife"), and files this Complaint for Declaratory Relief as authorized under Section 86.121 of the Florida Statutes[1], and in support thereof states as follows:

### GENERAL ALLEGATIONS

1. This is an action for Declaratory Judgment pursuant to Chapter 86 of the Florida Statutes to declare the rights of Insured under a long term care insurance policy.

2. The action is under summary procedure pursuant to Section 51.011 of the Florida Statutes.

3. This is an action that involves parties and property located within the venue of this Court, and venue is otherwise proper pursuant to Chapter 47, Florida Statutes.

4. At all times material hereto, the Insured is and was an individual residing in Florida and is *sui juris*.

---

[1] This is a newly enacted statute under House Bill 837 which was passed by the Florida House and approved by Governor Ron De Santis on March 24, 2023. The Act took effect upon becoming law on March 24, 2023.



8950 SW 74th Court, Suite 2201 | Miami, FL 33156 | Ph: 305-677-2292

Case No.: _____

Page 2 of 8

5.	At all times material hereto, the Defendant, METLIFE, is and was a company authorized to, and doing business in the State of Florida, and more particularly in Miami-Dade County, Florida, and is subject to the jurisdiction of this Court.

6.	At all times material hereto, Defendant, METLIFE, was subject to the provisions of Chapter 627 of the Florida Statutes.

7.	METLIFE had a duty to ensure that its standards were met, and policies and procedures were implemented and followed by its agents and employees and that claims were timely paid and administered.

## STATEMENT OF THE FACTS

8.	The Insured secured Long Term Care Benefits through METLIFE through Individual Insured Policy No. 09102336 ("the Policy"). *See* Exh. A.

9.	The Policy provides long term care insurance coverage for the Insured. The Policy has been effective since August 1, 1998.

10.	The Insured was eligible for benefits since approximately November 7, 2022. MetLife covered all claims submitted by the Insured without issue until approximately August 29, 2023.

11.	The issue began only after he submitted the referenced claim and after he moved from his Miami home to his Naples home in the Carlisle, a senior living community with independent living and assisted living facilities "the Carlisle"). The Carlisle is licensed as an ALF.

12.	By Notice dated August 29, 2023 in an Explanation of Benefits ("the EOB"), Met Life denied the claim on the basis that "benefits are not available because services were rendered by an unapproved provider." ("the First Denial").

Case No.: _____
Page 3 of 8

13. The EOB states, "Type of Benefit: Assisted Living Faci" and the section that says "Provider:" is left blank. The EOB is vague and ambiguous and fails to provide a proper explanation for the basis because the denial states the provider is not approved, but then does not list the type of provider that it claims to be denying. *See* Exh. B.

14. The Insured then submitted an appeal wherein he described the ambiguities within the Policy and also in the EOB. The Insured noted how he would qualify for benefits under the nursing home provision of the Policy that states nursing care, personal care, domiciliary care, physical therapy, speech therapy, respiratory, nutritional services, personal hygiene services provided in a nursing home" are covered because he currently received and continues to receive those services at the Carlisle. *See* Policy, Exh. A, pg. 14. The Appeal was denied.

15. MetLife concluded that because the Insured lived in the independent living section of the Carlisle, he did not qualify for benefits despite the fact that "MetLife has extended the policy to allow coverage for Assisted Living Facility." *See* Exh. C.

16. The Carlisle is licensed as an ALF, thus in accordance with MetLife's position, there is no basis to deny coverage for the services received and being received by the Insured.

17. MetLife takes inconsistent positions – first that ALFs are not covered, then that nursing home services are not covered, but then confirms, nursing home services are covered in ALFs.

18. The Carlisle is only licensed as an ALF regardless of whether the resident lives in the ALF or independent living section of the Property.

19. Additionally, the Insured made clear to MetLife that he is and was receiving nursing home benefits as described under the Policy. The Policy and corresponding denials are ambiguous.

Case No.: _____

20. The Policy provides for a Nursing Home Care Benefit under Section A. Under this provision, nursing home care is "nursing care, personal care, domiciliary care, physical therapy, speech therapy, respiratory, nutritional services, personal hygiene services provided in a nursing home." *See* Exh. A, pg. 14.

21. The Insured receives personal care, domiciliary care, physical therapy, nutritional services and personal hygiene services at the Carlisle.

22. Furthermore, the Policy defines a nursing home as a distinctly separate part of a hospital or other institution. *See* Exh. A, pg. 14. The independent living section of the Carlisle is a separate part of the Carlisle, but also provides lodging and board and health related services from separate groups and facilities. i.e. My Care Clinic.

23. The Carlisle qualifies as a benefit under the Policy provisions. Additionally, there is no express exclusion for a facility like the Carlisle within this section. *See* Exh. A, pg. 14.

24. Despite the foregoing, in the First Denial, MetLife denied the services stating that there is no coverage for ALF, but in its letter dated December 26, 2023 it states there is coverage for ALFs.

25. The Insured also receives health, medical, and personal care services at the Carlisle, all defined as covered under the home health care benefit. *See* Exh. A, pg. 15. My Care Clinic provides health care services to the Insured within the Carlisle.

26. The Policy is ambiguous as to the provision related to Nursing Home benefits as it seems the Insured would qualify as a benefit under the Policy provisions based on the fact that the Insured lives at the Carlisle which is an ALF and MetLife has extended the Policy to allow coverage for ALF.

Health & Medicine Law Firm
Advocates for Patients & Physician Directed Healthcare

8950 SW 74th Court, Suite 2201 | Miami, FL 33156 | Ph: 305-677-2292

27. The Policy does not expressly define ALF services, but MetLife takes the position, in its December 2023 denial letter that the ALF benefit does not include independent living.

28. There is no express exclusion for a facility like the Carlisle or independent living within a licensed ALF.

29. The denial of the Claim and provision of long term care benefits violates the policy provisions and prohibits the continued improvement of the Insured and will in fact hinder his progress if he does not obtain the services required for assistance with his ADLs and medical condition.

30. MetLife has made an improper a Total Coverage denial for long term care benefits under the Policy.

31. The ambiguities in the Policy are further evidenced by MetLife's own inconsistent positions. First, in the EOB MetLife, asserts the services are not covered because ALFs are not covered. Then, it states benefits provided in an ALF are covered.

32. Further, MetLife's adjuster confirmed nursing home benefits are covered for ALFs.

33. The Insured's policy with the Defendant was in full force and effect when the authorization for the Insured's medical services were denied. A copy of the Policy is attached hereto. *See* Exhibit A.

34. The denial was in contravention of the Policy, in that, the Insured is entitled to payment of long term care benefits under the policy for services received at the Carlisle.

35. The services are covered pursuant to the terms of the Policy, and are not excluded under the Policy, which MetLife concedes because the Carlisle is a licensed ALF.

36. MetLife breached its contract with the Insured for its failure to provide coverage for the long term care benefits services pursuant to the Policy.

37. Under the terms of the Policy, MetLife is required to make full payment of long term care benefits now and in the future.

38. MetLife's denials clearly reflect that MetLife has made arbitrary decisions because it has taken inconsistent positions, with one goal - to deny benefits Mr. Altman is rightfully entitled to.

39. Plaintiff has a bona fide, actual, present and practical need for an objective determination to the actual facts so the Court can make a determination as to whether the Insured's rights were violated under the Policy and the Insured's rights to future benefits under the Policy.

40. If the Court decides that Defendant, MetLife, violated the Plaintiff's Rights under the Policy for present and future benefits, then the Defendant shall be obligated to overturn its original coverage determination for the long term care benefits.

41. If MetLife overturns its coverage determination, it would then be obligated to approve and pay for the initial claim from August 1, 2023, and all related claims moving foward.

42. Under Chapter 86, Fla. Stat., Plaintiff is entitled to have any doubt and/or uncertainty removed regarding the existence or non-existence of a right, status, immunity, power or privilege.

43. Therefore, Plaintiff seeks a determination and declaration as afforded under Fla. Stat. 86.011. Plaintiff also seeks a determination and declaration as afforded under § 86.021, Fla. Stat., which states in pertinent part:

> 86.021 Power to construe.—Any person claiming to be interested or who may be in doubt about his or her rights under a deed, will, **contract**, or other article,

Case No.: _____
Page 7 of 8

memorandum, or instrument in writing or whose rights, status, or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority, or by municipal ordinance, contract, deed, will, franchise, or other article, memorandum, or instrument in writing may have determined any question of construction or validity arising under such statute, regulation, municipal ordinance, contract, deed, will, franchise, or other article, memorandum, or instrument in writing, or any part thereof, and obtain a declaration of rights, status, or other equitable or legal relations thereunder.

44. That in reading those provisions of Chapter 86, Fla. Stat., *in pari materia*, Plaintiff is asking the Court to declare the rights of the Plaintiff under the terms of the Policy related to the facts and violations claimed. The legislature in those statutes has given the Plaintiff the right to seek such relief, and the court the authority to do so.

45. The relief sought by Plaintiff relates to a present, ascertainable state of facts and present controversy.

46. The Plaintiff's rights and the Defendant's obligations are dependent upon a determination of those actual facts.

47. Plaintiff is not merely seeking an advisory opinion.

48. Plaintiff is not seeking monetary relief in this action, rather, Plaintiff seeks a speedy determination and declaration of his rights under the declaratory judgment statutes, rather than proceed under another form of remedy, pursuant to §86.111, Fla. Stat. to ensure that he can receive medical treatment in a timely fashion.

49. Plaintiff further seeks trial by jury of all issues triable as a matter of right by a jury pursuant to §86.071, Fla. Stat.

50. Plaintiff has obligated himself to pay the undersigned attorney a reasonable fee for her services herein and is entitled to recover said fees under Section 86.121 of the Florida Statutes.

Case No.: _____<br>
**Page 8 of 8**

51. All conditions precedent to the filing of this action have been complied with, met or otherwise waived.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter a declaratory judgment to declare that MetLife violated the terms of the Policy by failing to make a proper coverage determination that he qualifies for benefits under the Policy ; to declare that Plaintiff's rights were violated; and to award Plaintiff reasonable attorney's fees and costs under §86.121, Fla. Stat.; and Award Plaintiff any such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF HEREBY RESPECTFULLY DEMANDS A TRIAL BY JURY OF ALL ISSUES TRIABLE AS A MATTER OF RIGHT BY A JURY.**

Respectfully submitted,

**HEALTH AND MEDICINE LAW FIRM**
*Counsel for Plaintiff*
8950 SW 74 Court, Suite 2201
Miami, FL 33156
Ph: (305)677-2292
Fax: (305) 677-2306
Service email:
admin@healthandmedicinelawfirm.com
Attorney email:
msanti@healthandmedicinelawfirm.com

By:   **/s/ Maria T. Santi**
       MARIA T. SANTI, ESQUIRE
       Florida Bar No.: 117564